

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KENDALL DOWSON,<br>     Plaintiff,<br><br>vs.<br><br>SENIOR RESOURCES, INC.,<br>     Defendant. | §<br>§<br>§<br>§   Civil Action No.: 3:25-5180-MGL-PJG<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Kendall Dowson (Dowson) filed this disability discrimination action against her former employer, Defendant Senior Resources, Inc., (Senior Resources) in the Richland County Court of Common Pleas. Senior Resources removed the case to this Court and counterclaimed for breach of the duty of loyalty, gross negligence, and breach of contract.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant in part and deny in part Dowson's motion to dismiss for failure to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 20, 2025. Dowson objected on December 4, 2025, and Senior Resources replied on December 17, 2025. The Court has carefully reviewed Dowson's objections but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets forth the relevant factual background as follows:

> Dowson formerly worked for Senior Resources as an Administrative Coordinator. Her duties included some human resource responsibilities. While working remotely one day, Dowson sent a reminder email to her personal email address rather than her work email address. The email contained the social security number and bank routing information of another employee. The sending of the employee information violated Senior Resources' instructions and policies regarding confidentiality. Dowson subsequently deleted the email. [Senior Resources] fired her.

Report at 1–2. Dowson thereafter filed this lawsuit. She asserts claims of disability discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

As the Court explained above, Senior Resources counterclaimed for breach of the duty of loyalty, gross negligence, and breach of contract, and Dowson moved to dismiss these claims for failure to state a claim. The Magistrate Judge recommends the Court deny Dowson's motion as to the breach of contract claim and grant her motion as to the remaining claims. Dowson objects.

Dowson argues the Magistrate Judge neglected to address her contention Senior Resources failed to plead damages in support of its breach of contract claim. Senior Resources, on the other hand, maintains it has sufficiently pled entitlement to actual damages as the result of Dowson's breach of her at-will employment contract.

In South Carolina, "[t]he elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *S. Glass & Plastics Co. v. Kemper*, 732 S.E.2d 205, 209 (S.C. Ct. App. 2012) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962)). "The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach." *Fuller*, 124 S.E.2d at 610.

Here, Senior Resources alleges "[t]he at-will employment relationship between [itself] and [Dowson] created a contract of employment between the parties." Counterclaim ¶ 77; *see Hall v. UBS Fin. Servs., Inc.*, 866 S.E.2d 337, 341 (S.C. 2021) (holding at-will employment relationships are contractual in nature). "As an employee and as part of her at-will contract[,]" Senior Resources posits, Dowson "was required to follow lawful commands and instructions from [Senior Resources] and its agents and representatives[] and to adhere to all of [Senior Resources'] lawful and business related guidelines, policies, procedures[,] and practices." *Id.* ¶ 78. Senior Resources, however, maintains Dowson "breached this contract when she intentionally, knowingly[,] and with a conscious disregard to policies and/or instructions [failed] to properly follow policy during her employment[.]" *Id.* ¶ 79. And, Senior Resources advances it "is entitled to recover the actual damages that it suffered as a result of [Dowson]'s aforementioned conduct." *Id.* ¶ 80.

Accepting all well-pleaded allegations in the counterclaim as true and drawing all reasonable inferences in favor of Senior Resources, the Court concludes Senior Resources has sufficiently pled a plausible claim for breach of contract in light of the above elements. Therefore, at this stage of the litigation, the Court holds it would be premature to decide Senior Resources is unentitled to relief under any set of facts that could be proven consistent with these allegations. The Court will thus overrule Dowson's objection.

After a thorough review of the Report and record in this case under the standards set forth above, the Court overrules Dowson's objection, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Dowson's motion to dismiss for failure to state a claim is **GRANTED** as to the counterclaims for breach of the duty of loyalty and gross negligence and **DENIED** as to the counterclaim for breach of contract.

**IT IS SO ORDERED.**

Signed this 8th day of January 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE